IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MENDI COPELAND**,

        Plaintiff,

vs.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION**,

        Defendant.

Civil Case No. 09-153-KI

OPINION AND ORDER

    Bruce W. Brewer
    Law Offices of Bruce W. Brewer, PC
    419 Fifth Street
    Oregon City , Oregon  97045

        Attorney for Plaintiff

    Dwight Holton
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204

Benjamin J. Groebner
Mathew W. Pile
Stephanie R. Martz
Social Security Administration
701 Fifth Avenue, Suite 2900
M/S 901
Seattle, Washington  98104-1075

       Attorneys for Defendant

KING, Judge:

Plaintiff Mendi Copeland brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner granting benefits, but declining to reopen a previous social security claim. For the reasons set forth below, I affirm the decision of the Commissioner.

## PROCEDURAL BACKGROUND

Copeland has filed a number of Social Security claims over the years, including one on May 17, 2004 ("first claim") and another on March 21, 2005 ("second claim"). The first claim was initially denied on August 6, 2004. Plaintiff did not request reconsideration of the denial of the first claim. The second claim was denied initially on June 9, 2005, and upon reconsideration on September 30, 2005. On October 13, 2005, Copeland filed a Request for Hearing on her second claim. In section five of the Request, where the caption reads "I request a hearing before an administrative law judge. I disagree with the determination made on my claim because," Copeland simply wrote "I'm disabled." Tr. 27. A hearing was never held. Instead, on January 3,

2008, Administrative Law Judge Linda Haack ("ALJ") issued an opinion granting benefits *sua sponte*. On the first page of the decision, the ALJ wrote,

> This application under Title XVI of the act was protectively filed on March 21, 2005. While alleging the onset date of March 8, 2004, the filing date of the application for Supplemental Security Income disability, March 21, 2005, is controlling . . . . The undersigned finds no basis upon which to reopen the determinations on the claimant's prior Title XVI applications (20 CFR 416.1488). Additionally, the provisions of Social Security Ruling 91-5p were considered and do not apply. Accordingly, the previous determinations are final and binding.

Tr. 13.

On March 26, 2008, Copeland filed a Request for Review, contesting "only the onset date and the refusal to consider reopening the prior claims." Pl.'s Opening Br. at 2. On December 4, 2008, the Appeals Council denied the Request for Review.

## DISCUSSION

Copeland contends the Commissioner violated her constitutional right to a hearing, under 20 C.F.R. § 416.1488 and SSR 91-5p, on the issue of whether to reopen her first claim. According to Copeland, the ALJ's issuance of her opinion granting benefits, without first holding a hearing, was a due process violation. The Commissioner responds that Copeland never asked for her first claim to be reopened, and that Copeland fails to state a colorable constitutional claim. Therefore, according to the Commissioner, this court lack subject matter jurisdiction and should dismiss the case. Alternatively, the Commissioner argues that Copeland's due process rights were not violated because she was not entitled to have her case reopened, regardless of whether there was a hearing. Finally, Copeland submits that the Appeals Council erred by denying her Request for Review of the ALJ's decision. I address each argument in turn.

Page 3 - OPINION AND ORDER

I.       Colorable Constitutional Claim

A court does not have the jurisdiction to review the Commissioner's decision not to reopen a prior claim unless the plaintiff makes a colorable constitutional claim.  Califano v. Sanders, 430 U.S. 99, 108 (1977).  "A constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous."  Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001).  Therefore, "determining whether [plaintiff]'s constitutional claim is colorable necessarily involves a review of its merits."  Boettcher v. Sec'y of Health and Human Serv., 759 F.2d 719, 722 (9th Cir. 1985).

Accordingly, in order to determine whether jurisdiction exists, I turn to the merits of Copeland's argument.

II.      Merits of Due Process Claim

Copeland argues that 20 C.F.R. § 416.1488 and SSR 91-5p operate to confer upon her a right to a hearing on the issue of whether her first claim should have been reopened.  Copeland reasons that since she was not given a hearing, the Commissioner committed a due process violation, which gives rise to a constitutional claim.  For the reasons set forth below, I disagree with Copeland's analysis.

A.       20 C.F.R. § 416.1488

Section 416.1488, entitled "conditions for reopening," provides:

> A determination, revised determination, decision, or revised decision may be reopened–
>
> (a) Within 12 months of the date of the notice of the initial determination, for any reason;

>  (b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or
>
>  (c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have had at the time.

Copeland alleges she had a right to a hearing because under the statute, her "first claim could have been reopened 'for any reason' because the second claim was filed within 12 months of the denial of the first claim." Pl. Opening Br. at 3. The Commissioner, points out, however, that section 416.1488(a) does not apply because the ALJ's decision was issued more than three years after Copeland's first claim was initially denied.

The clarity of the section's text persuades me that the Commissioner is correct regarding the statutory interpretation. At the time of writing the decision, the ALJ did not have the discretion to reopen the first claim "for any reason" because more than 12 months had passed since the first claim was denied. Indeed, the ALJ clearly considered whether she was able to reopen the first claim. But she "f[ound] no basis upon which to reopen the determinations" under § 416.1488. Tr. 13. Even if she had found a proper basis to reopen the first claim, however, the word "may" in the statute clearly leaves the ALJ discretion in deciding whether to reopen the claims. Accordingly, I hold that § 416.1488 does not operate to confer upon Copeland the right to a hearing on the issue of whether to reopen her first claim.

In addition, I note that 20 C.F.R. § 416.1487(a), entitled "Reopening and revising determinations and decisions," provides "if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated


time period, you lose your right to further review and that determination or decision becomes final."

It is undisputed that Copeland did not request further review of her first claim after it was initially denied. It is also undisputed that when Copeland filed her request for a hearing on her second claim, she did not ask for her first claim to be reopened. Accordingly, I hold that pursuant to § 416.1487, Copeland lost her right for further review of the decision to deny her first claim, including her right to a hearing on that issue. There was no due process violation.

      B.     SSR 91-5p

Copeland argues that it was mandatory for the ALJ to provide plaintiff a hearing to address reopening under SSR 91-5p. This argument, however, has no support in any statute or case law and makes no sense when considered with the facts.

SSR 91-5p, a policy interpretation ruling regarding mental incapacity and good cause for missing the deadline to request review, does not relate to hearings. SSR 91-5p, available at 1991 WL 208067. "The purpose of the interpretative ruling is to clarify [the] policy on establishing good cause for missing the deadline to request review." Id. at *1. Under SSR 91-5p,

> a claimant can request that the 60-day time period for filing a request for review be extended if the claimant can show good cause for missing the deadline. *The request for an extension of time must be in writing* and must give the reasons why the request for review was not filed timely.

Id. (emphasis added).

Here, Copeland *never* requested an extension of time to request review of her first claim, in writing or otherwise. Thus, the ALJ was correct in her assessment that "the provisions of

Social Security Ruling 91-5p were considered and do not apply." Tr. 13.  Accordingly, SSR 91-5p does not operate to provide Copeland any sort of right to a hearing.

In sum, neither 20 C.F.R. § 416.1488 nor SSR 91-5p confers a right to a hearing upon Copeland under these circumstances.  Without any basis for a right to a hearing, not only did the ALJ rule correctly, but Copeland is unable to present a colorable constitutional claim of a due process violation.  Absent a colorable constitutional claim, I am without jurisdiction to decide this matter.

III.     Appeals Council Decision

Finally, Copeland argues, in a single sentence, that "the Commissioner erred further when [the Appeals Council] denied plaintiff's request for review without providing any reason for doing so even after plaintiff specifically alleged that it was erroneous for the ALJ to refuse to give consideration to the reopening issue." Pl.'s Opening Br. at 4.

This court, however, does not have jurisdiction to review the Appeals Council's denial. The Social Security Act grants district courts jurisdiction to review only "final decisions" of the Commissioner. 42 U.S.C. § 405(g).  More specifically, "[a] claimant may obtain judicial review of a decision . . . by the Appeals Council when that is the final decision of the Commissioner." 20 C.F.R. § 422.210.

In this case however, the Appeals Council's denial of the Request for Review was not the final decision of the Commissioner.  The Appeals Council did not conduct a review.  Since it did not review, the ALJ's decision is the final decision of the Commissioner.  The Appeals Council made this clear in its notice to Copeland: "the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case." Tr. 5.

Accordingly, I am also without jurisdiction to address the Appeals Council's decision not to review.

## CONCLUSION

Due to the court's lack of jurisdiction to review the issues presented, this case is dismissed.

IT IS SO ORDERED.

Dated this _____10th_____ day of June, 2010.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge